# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE STUHR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HARRY HALLAIAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:13-cv-00715-LJO-SAB<br><br>ORDER DIRECTING COUNSEL TO CURE THE DEFICIENCIES IN PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 17)<br><br>FOURTEEN-DAY DEADLINE |

　　　　Plaintiff Joyce Stuhr filed the complaint in this action on May 15, 2013 alleging violations of the Americans with Disabilities Act, the California Disabled Person's Act, and the California Unruh Act. (ECF No. 1.) On June 4, 2013, Plaintiff filed an amended complaint changing the name of the defendants in this action to Hallaian Brothers No. 1. (ECF No. 9.) On November 5, 2013, the clerk entered default against Defendant Hallaian Brothers No. 1. (ECF No. 16.) Plaintiff filed a motion for default judgment on November 12, 2013. (ECF No. 17.)

　　　　Rule 55 of the Federal Rules of Civil Procedure provides that default judgment may be entered by the Clerk's Office when "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. . . . In all other cases the party must apply to the court for a default judgment."

　　　　Plaintiff seeks default judgment in the amount of $36,675.00 for violations of the Americans with Disabilities Act, the California Disabled Person's Act, and the California Unruh

1

1  Act.  In this instance, Plaintiff's complaint is not for a sum certain or a sum that can be made
2  certain by computation, and therefore, the motion is to be decided by the Court.  Plaintiff is
3  seeking $36,675.00 without any explanation as to how she arrived at this amount.  Because the
4  amount is not a sum certain, Plaintiff is not entitled to judgment pursuant to Rule 55(b)(1).

   Since Plaintiff has not presented any legal argument concerning the factors to be considered in determining whether to grant default judgment the motion Plaintiff is not entitled to default judgment pursuant to Rule 55(b)(2).  Further, Plaintiff has not presented any evidence to support the damages requested.

   Once default has been entered, the factual allegations in the complaint are taken as true, but the allegation regarding the amount of damages must be proven.  See Fed R. Civ. P. 55(b)(2); Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012).  "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992).  A motion for default judgment should include "a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion."  Local Rule 230(b).  "When seeking a default judgment, a plaintiff should provide the Court with points and authorities containing citations to authority showing that the plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief. It is the party's burden to demonstrate to the Court that under the pertinent law, the plaintiff's claims, as alleged, are legally sufficient."  S.A. ex rel. L.A. v. Exeter Union School District, No. 1:09-cv-00834-AWI-GAS, 2009 WL 1953462, at *3 (E.D. Cal. July 7, 2009).  Plaintiff has not met her burden.

   Accordingly, IT IS HEREBY ORDERED that within fourteen (14) days from the date of service of this order, Plaintiff shall file a legally sufficient memorandum of points and authorities

///
///
///

that complies with the requirements of Local Rule 230(b).

IT IS SO ORDERED.

    Dated:   **November 14, 2013**

UNITED STATES MAGISTRATE JUDGE